**WATERHOUSE et ux. v. DERR.** (No. 1968.)

(Court of Civil Appeals of Texas. El Paso. Feb. 10, 1927. Rehearing Denied March 3, 1927.)

**Contracts ⊜193—Contract transferring note held not to obligate transferees to pay transferor interest on note which had not been paid.**

Contract transferring note executed by third party, providing that transferor should receive interest thereon during his lifetime, or, if principal was paid, that it should be reinvested so that transferor should receive certain percentage thereon, or that transferees should pay transferor such percentage, did not obligate transferees to pay interest on note transferred which had not been paid.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Amanda Derr, sole devisee and legatee, under the will of Paul Derr, deceased, against C. E. Waterhouse and wife, on a contract. From a judgment for plaintiff, defendants appeal. Reversed and rendered.

Jones, Hardie & Grambling, of El Paso, for appellants.
John T. Hill, of El Paso, for appellee.

HIGGINS, J. Appellee, sole devisee and legatee, under the will of Paul Derr, deceased, brought this suit against the appellants, Wa-

terhouse and wife, upon a contract which reads:

"State of Texas, County of El Paso.

"This agreement made and entered into by and between Paul Derr, party of the first part, and Alice Waterhouse, acting for herself and the other three children of the said Paul Derr, joined by her husband, Charles E. Waterhouse, witnesseth:

"First. That in consideration of the said Alice Waterhouse, Julia A. Kepley, Maggie Akers, joined by their respective husbands and John O. Derr, conveying to the said Paul Derr, all their right, title, and interest in and to lot No. 26 in Block No. 35 Sunset Heights Addition to the city of El Paso, Texas, the said party of the first part hereby assigns, transfers, and delivers to the party of the second part, to be held by her for the use and benefit of herself, her two sisters and brother as above mentioned, a certain promissory note for the sum of five thousand ($5,000.00) dollars dated the 6th day of March, 1913, and executed by E. P. Kepley, payable to the order of Paul Derr, with the understanding, however, that all interest accruing on said note shall be paid to the said Paul Derr, and, should the principal of said note be paid during the life of the said Paul Derr, then in that event the party of the second part agrees to reinvest the same in notes so that the said Paul Derr shall realize eight (8) per cent. interest on said amount, or agrees to pay the said Paul Derr eight (8) per cent. interest on the sum of $5,000.00 during his lifetime, said sum to be paid monthly to the said Paul Derr.

"That the said party of the first part also agrees and binds himself that he will have his policy of insurance in the Brotherhood of Railroad Engineers changed so that the same shall be payable to his daughter, Alice Waterhouse, in trust, however, for herself, brother and sisters, and that, as soon as said policy is so changed by the proper officers of said brotherhood, the said party of the first part agrees that said policy shall be delivered to the said party of the second part.

"Witness our hands in duplicate, this 9th day of November, A. D. 1914.

"[Signed]    Paul Derr,
              "Party of the First Part.
          "Alice Waterhouse,
              "Party of the Second Part.
          "C. E. Waterhouse."

It was alleged that Paul Derr died November 6, 1922, and interest upon the note described in the contract had not been paid since November 1, 1920. Recovery was sought of unpaid interest to the date of Paul Derr's death.

Upon trial without a jury, judgment was rendered in favor of the plaintiff against Waterhouse and wife for the amount shown to be in arrears at the time of Paul Derr's death.

The suit is predicated upon the theory that the contract personally obligated Mrs. Waterhouse to pay Paul Derr monthly the interest upon the Kepley note described in the contract.

The contract does not obligate Mrs. Waterhouse and her husband, or either of them, to pay or guarantee the payment of the interest on said note. And such was the construction placed upon it by the parties themselves, for it was shown that all interest was paid to the deceased direct by Kepley. None of the interest was ever paid to Mrs. Waterhouse. The contract simply transferred the principal of the note, reserving to the deceased the interest and right to collect same. The only personal obligation to the deceased assumed by Mrs. Waterhouse was in case the principal of the note was paid, in which event she agreed to reinvest the same in notes which would realize the deceased 8 per cent. on the principal, or, in the alternative, to pay him 8 per cent. on the principal until his death, payable monthly. The principal of the Kepley note was never paid.

There is no occasion to consider other propositions submitted by appellants. The construction of the contract is decisive of the case.

Reversed and rendered.